UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

TIMONTHY MCMILLAN and THEODORE
DUKULY,

                  Plaintiffs,

        -against-

THE CITY OF NEW YORK, Sergeant
MICHAEL ALFIERI, Shield No. 00800,
Police Officer WILLIAM MORRIS, Shield
No. 16924, Police Officer ROBERT
O'NEILL, Shield No. 16616, Police
Officer JOHN and JANE DOE # 1
through 4 in their individual and official
capacities as employees of the City of
New York,

                  Defendants.

------------------------------------------------------ X

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

15 CV 7181 (BMC)

      Plaintiff, TIMONTHY MCMILLAN and THEODORE DUKULY, by their attorney, The Rameau Law Firm, alleges the following, upon information and belief, for this Complaint:

## INTRODUCTION

      1.   This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2.     On or about October 29, 2014, Defendants, Sergeant MICHAEL ALFIERI, Shield No. 00800, Police Officer WILLIAM MORRIS, Shield No. 16924, Police Officer ROBERT O'NEILL, Shield No. 16616, Police Officer JOHN and JANE DOE # 1 through 4 (collectively, the "Defendants") unlawfully arrested Plaintiffs without probable cause and then assaulted and seriously injured them, all without any justification or due cause.

3.     Plaintiffs seek compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4.     Plaintiffs filed Notice of Claim on or about January 26, 2015.

5.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6.     This action has been commenced within one year and ninety   days after the happening of events upon which the claims are based.

**JURISDICTION**

7.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York

under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

8.    Under 28 U.S.C. § 1391 (b)  and  (c) , venue  is proper in the  Eastern  District of New York.

## PARTIES

9.    Plaintiffs TIMONTHY MCMILLAN and THEODORE DUKULY were at all material times residents of the City of New York, New York State, and of proper age to commence this lawsuit.

10.  Defendant Sergeant MICHAEL ALFIERI, Shield No. 00800 ("Alfieri"), was at all relevant times an officer employed by the New York City Department ("N.Y.P.D."). Defendant Alfieri is sued in his individual and official capacities.

11.  Defendant Sergeant Alfieri at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

12.  Defendant Police Officer WILLIAM MORRIS, Shield No. 16924 ("Morris"), was at all relevant times an officer employed by the New York City Department ("N.Y.P.D.").

3

Defendant Morris is sued in his individual and official capacities.

13.   Defendant Police Officer Morris at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

14.   Defendant Police Officer ROBERT O'NEILL, Shield No. 16616 ("O'NEILL"), was at all relevant times an officer employed by the New York City Department ("N.Y.P.D."). Defendant Morris is sued in his individual and official capacities.

15.   Defendant Police Officer O'Neill at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

16.   At all times relevant defendants Officer JOHN and JANE DOE 1 through 4 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants JOHN and JANE DOE 1 through 4.

17.   Defendants Police Officer JOHN and JANE DOE 1 through 4, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

18.   At all times relevant herein, all individual defendants

4

were acting under color of state law.

19.   Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

20.   The City was at all material times the public employer of defendant officers named herein.

21.   The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

**FACTUAL
ALLEGATIONS**

22.   Plaintiffs are African-American males.

23.   On or about October 29, 2014, at approximately 4:45 a.m., plaintiffs were in the area of 96 Macdougal Street and heading home.

24.   Two unmarked police vans pulled up and several police officers exited the vehicle and approached plaintiffs without justification or provocation and assaulted plaintiffs.

25.   Plaintiff Theodore Dukuly notified an officer that he

had recently underwent a surgery for his shoulder and the shoulder was still very sensitive. The officer disregarded plaintiff's warnings and grabbed plaintiff by the hands pulling them back behind his back, applying tremendous pressure upon Dukuly's shoulder and causing severe pain.

26.   Another officer ordered Timothy McMillan to back up. As McMillan complied with that order, yet another officer punched McMillan. Immediately thereafter, several officers attacked plaintiffs, threw them to the ground and handcuffed them.

27.   Defendants maced plaintiff Timothy McMillan, punched him about his head and body causing plaintiff to become concussed.

28.   The defendants then dragged plaintiffs and transported them to the 6th Precinct.

29.   At the precinct, the Defendants falsely informed members of the New York County District Attorney's Office that they observed plaintiffs committing various crimes.

30.   At no point did the Defendants observe plaintiffs committing any crimes or offenses.

31.   Ultimately, all charges against McMillan were dismissed and sealed.

32.   As a result of the Defendants' actions, plaintiffs

suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

## FIRST CLAIM
## 42 U.S.C. § 1983

33.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34.   Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

35.   As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged

## SECOND CLAIM
## False Arrest, New York State
## Tort  Law Against All
## Defendants

36.   Plaintiffs repeat and reallege each and every allegation above  as if fully set forth herein.

37.   The  Defendants,  individually  and  in  concert, arrested, confined, caused the confinement, and/ or continued the confinement of Plaintiffs without any privilege whatsoever, with the intent to confine, or cause the confinement of  Plaintiffs.

38.   Plaintiffs were conscious of their confinement.

39.   Plaintiffs did not consent to their confinement.

40.   Plaintiffs' confinement was not otherwise  privileged.

41.   As    a    direct    and    proximate    result    of    the misconduct  and  abuse  of  authority  detailed  above,  Plaintiffs sustained the damages herein  alleged.

**THIRD CLAIM**
**False Arrest, 42 U.S.C. §**
**1983 Against All Defendants**

42.   Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

43.   The  Defendants,  individually  and  in  concert,  and acting under the color of law, deprived plaintiffs of their rights under  the  Fourth  and  Fourteenth Amendments  to  the  United States  Constitution  to  be  free  from  unreasonable  searches  and seizures  and  to  their  liberty  by  searching,  arresting,  confining, causing   the  confinement,  and/ or  continuing  the  confinement of Plaintiffs  without  any  privilege whatsoever.

44.   Plaintiffs were conscious of their confinement.

45.   Plaintiffs did not consent to their confinement.

46.   The Defendants each deprived plaintiffs of their rights intentionally, knowingly, willfully, or recklessly, under color of law.

47.   As    a    direct    and    proximate    result    of    the

8

misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein alleged.

**FOURTH CLAIM**
**Assault and Battery, New York**
**State Tort Law Against All**
**Defendants**

48.   Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

49.   The Defendants intentionally touched plaintiffs and caused them physical injury in the incident.

50.   The Defendants' touching of plaintiffs was harmful and offensive and occurred without legal justification, excuse, or privilege.

51.   Plaintiffs did not consent to physical contact by any of the Defendants.

52.   Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

53.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the

damages herein alleged.

## FIFTH CLAIM
## Excessive Use of Force, 42
## U.S.C. § 1983 Against All
## Defendants

54. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

55. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

56. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

57. The Defendants each deprived plaintiffs of their rights intentionally, willfully, or recklessly, under color of law.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein alleged.

## SIXTH CLAIM
## Malicious Abuse of Process
## Against All Defendants

59. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

60. The Defendants each maliciously and sadistically abused their government power in their actions toward

plaintiffs.

61.   These actions were of a kind likely to, and which in fact did, produce substantial injury to plaintiffs.

62.   The Defendants treated plaintiffs in a manner that shocks the conscience.

63.   The Defendants thus violated plaintiffs' right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

64.   The Defendants each deprived plaintiffs of their rights intentionally, willfully, or recklessly, under color of law.

65.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein alleged.


**SEVEN CLAIM**
**Due Process/ Fair Trial, Against**
**Defendants**

66.   Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

67.   Defendants deprived plaintiffs of their rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through their account that plaintiffs had resisted arrest.

68.   Defendants used this false evidence to initiate

criminal proceedings against plaintiffs.

69.   The State thereafter used this evidence to initial criminal proceedings against plaintiffs.

70.   As a result, plaintiffs were deprived of their liberty.

71.   Defendants deprived plaintiffs of their rights intentionally, willfully, or recklessly, under color of law.

72.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein alleged.

**COUNT EIGHT**
**Negligent Hiring/Training/Retention/Supervision Of**
**Employment Services**

73.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

74.   Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

75. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

76. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

77. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

78. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

79. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

80. By reason of the foregoing, and by assaulting, battering, and causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiffs.

81.  The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

82.  Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiffs.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

83.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

**SEVENTH CLAIM**
**Neglient Infliction of Emotional Distress**

84.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

85.  By reason of the foregoing, and by assaulting, battering, and causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

86.  The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

87.  Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiffs.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

88.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

89.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

90.  Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

91.  Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

92.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged

## COUNT NINE
### *MONELL*

93.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

94.    This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

95.    The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

96.    The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

97.    The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

98.    The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously

committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

99.   These policies, practices, and customs were the moving force behind plaintiffs' injuries.

## PRAYER  FOR  RELIEF

**WHEREFORE,** Plaintiffs request that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiffs;

d) Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

Dated: February 18, 2016
      Brooklyn, New York

                *Amy Rameau*
                Amy Rameau,  Esq.

                The Rameau Law Firm
                16 Court Street, Suite
                2504 Brooklyn, New York

17

11241

*Attorney for Plaintiff*


TO:        All  Defendants
           Corporation  Counsel  of the  City of New York